**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON**

**CIVIL ACTION NO. 06-30-DLB**

**EMILY CORRE**                                                            **PLAINTIFF**

**vs.**                               <u>**MEMORANDUM ORDER**</u>

**PAULA STELTENKAMP, ET AL.**                                **DEFENDANTS**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

This action involves an alleged dispute over the terms and conditions of Plaintiff's employment. Plaintiff originally filed her lawsuit in the Campbell County, Kentucky, Circuit Court. That Complaint named as Defendants Paula Steltenkamp and Greg Coburn, in whose residence Plaintiff was employed as a domestic servant, and Paula Steltenkamp's employer, The Proctor & Gamble Company (P&G). P&G, with the consent of Steltenkamp and Coburn, removed the action to this Court on the basis of federal question subject matter jurisdiction. Plaintiff now moves for an order to deny P&G's Notice of Removal, which the Court construes as a motion to remand. (Doc. #6) For the reasons that follow, Plaintiff's motion will be granted.

**Background**

Plaintiff is a native of the Philippines. Corre met Paula Steltenkamp while Steltenkamp worked several years in the Philippines on assignment for P&G. In November of 2003 Steltenkamp was scheduled to return to the United States. She asked Corre to return with her, to work in the Ft. Thomas home where she resides with Greg Coburn. Attached to Plaintiff's Complaint is a one-page document entitled "Employment Contract."

It is signed by Steltenkamp and Corre, dated October 20, 2003, and appears to be printed on stationery marked "P&G Global Business Services."[1] (*See* Complaint, Ex. A)

Corre did, in fact, travel to the United States and worked in the Steltenkamp/Coburn residence from approximately November of 2003, until mid-December, 2005. She maintains that she was required to work extensive hours, and assigned extensive duties, for which she was not properly compensated. Corre alleges that in December, 2005, she was notified by Steltenkamp that her employment was being terminated and told to pack her belongings so that she could be taken to the airport for immediate return to the Philippines. According to Plaintiff, she was physically removed from the residence by Steltenkamp and Coburn, against her will, but Steltenkamp was unable to procure an airplane ticket for her while at the airport because Corre did not have her passport on her person. Defendants have not yet responded to these allegations. They were granted an indefinite extension of time to respond, in light of a pending criminal investigation and pending adjudication of the motion to remand.

The gist of Plaintiff's Complaint is that Defendants failed to abide by the terms of the employment contract. Plaintiff's Complaint identifies eight counts. Count I asserts all Defendants discriminated against Plaintiff in the terms and conditions of her employment based upon her national origin, in violation of state law. Count II asserts all Defendants breached Plaintiff's contract of employment by failing to pay her minimum wage or overtime. Count III asserts a claim against Steltenkamp and Coburn for assault and battery

---

[1]Plaintiff asserts that P&G facilitated and/or assisted or participated in this contractual work arrangement. P&G has filed a separate Motion to Dismiss. (Doc. #5) However, since this Court lacks subject matter jurisdiction and this matter should be remanded, the dismissal motion must be denied as moot. Defendant can renew its motion in state court, should it so desire.

under state law. Counts IV and V assert Steltenkamp and Coburn falsely imprisoned Corre on two occasions, in violation of state law. Count VI asserts a state law fraud claim against Steltenkamp and Coburn. Count VII asserts P&G is vicariously liable for Steltenkamp's actions because she was acting in the scope of her employment. And Count VIII asserts a state law claim for intentional infliction of emotional distress against Steltenkamp and Coburn.

As previously noted, P&G's Notice of Removal maintains this Court has federal question subject matter jurisdiction. Specifically, P&G points to the statement in Count II of Plaintiff's Complaint that Defendants "failed to pay Plaintiff minimum wage or overtime pay pursuant to Federal law. . . ." P&G submits that Plaintiff is thereby alleging a claim for minimum wage or overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Plaintiff responds that her Complaint asserts only state law, not federal, claims and that none of the relief she seeks is for violation of federal law. (Doc. #6, p.2)

### Discussion

Removal of a case from state to federal court is governed by statute. It states:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A federal court's original jurisdiction arises primarily from either the presence of a federal question or where there is complete diversity between all plaintiffs and all defendants. 28 U.S.C. §§ 1331, 1332. Diversity subject matter jurisdiction over this case is lacking, since Defendants Steltenkamp and Coburn appear to be citizens of

3

Kentucky.[2] Defendants therefore rely upon the alleged presence of a federal question or claim as being asserted by Plaintiff in her Complaint.

An action raises a federal question where it "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally the complaint must affirmatively set forth a federal claim, which should be revealed on the complaint's face. *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 6 (2003). This being said, a plaintiff is the master of his complaint, *AmSouth Bank v. Dale,* 386 F.3d 763, 776 (6th Cir. 2004), and federal jurisdiction can be avoided if a plaintiff relies exclusively on state law. *Smolarek v. Chrysler Corp.,* 879 F.2d 1326, 1329 (6th Cir. 1989)(en banc). Where plaintiff chooses to assert only state law claims, recharacterizing it as a federal claim is generally prohibited. *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987).

Here, P&G maintains that Plaintiff, on the face of her Complaint, states a claim for minimum wages and overtime under federal law. However, the face of the Complaint reveals otherwise. To be sure, had Plaintiff actually pled a claim for relief for violation of the FLSA, the action would have been removable. *See Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691 (2003)(a state-court action for violation of the FLSA is still subject to removal, despite concurrent jurisdiction under 29 U.S.C. § 216(b)). Plaintiff did not. Count II of the Complaint is labeled "BREACH OF CONTRACT." Although paragraph 62 does state that "[a]ll Defendants failed to pay Plaintiff minimum wage or overtime pay pursuant to Federal law and the Contract," paragraph 64 of that same Count states "[s]aid

---

[2]The jurisdictional statute also provides that "any other such action [not arising under federal law] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b).

4

failure [to pay minimum wage or overtime pay] was in breach of the employment contract and Plaintiff is owed damages." Plaintiff does not expressly assert a separate count or claim under the FLSA or any other federal law. Rather than being an attempt by Plaintiff to assert a federal claim, the language in paragraph 62 can be more accurately characterized as a "passing reference to federal law." *See Technical Rubber Co. v. Buckeye Egg Form, L.P.,* No. 2:99-cv-1413, 2000 WL 782131, at *3 (S.D. Ohio June 16, 2000)(passing reference that defendants violated state and/or federal law, where claims actually asserted in complaint were state law only, was insufficient to provide original federal question jurisdiction for removal). Any confusion that this language was intended as a passing reference, rather than a separate federal claim, is clarified by Plaintiff's representation in her motion that she seeks relief for breach of contract, not relief based upon a federal claim or for violation of a federal law. (*See* Doc. #6)[3]

Breach of contract, where applicable, is a recognized alternative theory upon which relief may be sought for failure to pay required compensation; pursuit of relief is not limited to a federal statutory violation under the FLSA or related state statutes. *See Hasken v. City of Louisville,* 173 F. Supp. 2d 654, 663-64 (W.D. Ky. 2001)("the F.L.S.A. provides basic protection in the area of wage and hour regulation which states may supplement with statutes and which parties may supplement with written contracts"). The allegations of Count II of Plaintiff's Complaint provide notice of her intention to pursue such a theory.

---

[3]Plaintiff also "stipulates" that she is not presenting a claim for relief under FLSA or other federal statute. Had such a claim been formally asserted by Plaintiff then dismissed by amendment, consideration of discretionary remand pursuant to 28 U.S.C. § 1367(c) would have been implicated. This does not, however, eliminate analysis of the "arising under" alternative theory of federal question jurisdiction relied upon by Defendant and discussed *infra.*

P&G maintains that federal question jurisdiction nevertheless exists, even if Count II is one for breach of contract only, because such state-law claim implicates a significant federal issue. P&G argues this is because the breach of contract claim will "necessarily implicate the governing standards for the payment of overtime and minimum wages under the FLSA." (Doc. #8, p. 4) P&G submits that pursuant to the Supreme Court's decision in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* federal question jurisdiction exists where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable,* 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).

There are "certain cases [in which] federal question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* at 2367. But *Grable* cautions that there is no "'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties," and that the words "federal issue" are not a "password opening federal courts to any state action embracing a point of federal law." *Id.* The removing party carries the burden of demonstrating original jurisdiction. *Conrad v. Robinson,* 871 F.2d 612, 614 (6th Cir. 1989). While Defendant provides an accurate statement of the law, its application of this standard to the circumstances here is lacking. It fails to evidence how Plaintiff's state-law claim "necessarily raises a stated federal issue" that is actually disputed and substantial, and how maintaining the action in federal court would not disturb the balance of federal and state judicial responsibilities.

In *Grable,* for example, the Supreme Court found that, even though Plaintiff's action was brought as a state-law quiet title action, exercising federal question jurisdiction was

appropriate. *Id.* at 2371.  The Court noted that the only legal or factual issue contested in the case was whether notice under the federal statute had been given, which notice was also an essential element of the state-law quiet title action. *Id.* at 2368.  The Court further found that because the matter directly implicated IRS notice provisions under federal law, the nature of the federal interest at stake was a strong one – prompt and certain collection of delinquent taxes.  *Id.* at 2368-69.  The Court concluded that jurisdiction therefore did exist, though "it is the rare state quiet title action that involves contested issues of federal law."  *Id.* at 2371.

Such a finding to exercise federal question jurisdiction is not compelled in this case.  Plaintiff's state-law breach of contract claim, among other things, will require an analysis of the contract's compensation provisions.  In this regard, the contract states:

> In addition to room and board, the employer will pay the Employee: at least the minimum or prevailing wage, whichever is greater, for an eight-hour workday for this occupation in Fort Thomas, Kentucky; any other benefits normally required for a U.S. domestic worker in this area of employment; and all transportation costs to and from the United States.

Complaint, Ex. A, ¶ 6.  It does not explicitly refer to either federal law or the FLSA, but generically to the minimum or prevailing wage for domestic servants in Fort Thomas, Kentucky.  Although federal law might be consulted or referred to in interpreting the contract, it does not govern the action.  The FLSA does not completely preempt the wage and hour field.  State regulation is permissible and contemplated under federal law.

> No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek lower than the maximum workweek established under this chapter[.]

29 U.S.C. § 218(a).  As contemplated by the FLSA, Kentucky law also provides for wage and hour regulation, albeit providing for standards consistent with federal standards, rather than in addition to them.

> [E]very employer shall pay to each of his employees wages at a rate of not less than the federal minimum hourly wage as prescribed by 29 U.S.C. § 206(a)(1).  The minimum wage rates required under this chapter shall be adjusted in accordance with adjustments made in the federal minimum hourly rate.

K.R.S. 337.275(1).  Kentucky's overtime law provides that

> [n]o employer shall employ any of his employees for a work week longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forty (40) hours in a work week at a rate of not less than one and one-half (1-1/2) times the hourly wage rate at which he is employed.

K.R.S. 337.285.

Thus, Defendant has not demonstrated that there is "not only a contested federal issue, but a substantial one."  *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 552 (6th Cir. 2006)(citing *Grable,* 125 S. Ct. at 2367).  "A 'substantial' federal question involves the interpretation of a federal statute that actually is in dispute in the litigation and is so important that it 'sensibly belongs in federal court.'" *Id.* (citing *Grable,* 125 S. Ct. at 2368). To the extent analyzing the contract raises a contested issue, it will be what constitutes the "minimum or prevailing wage, whichever is greater, for an eight-hour workday for this occupation in Fort Thomas, Kentucky," not how the FLSA itself is interpreted.  That states can legislate and parties can contract in the wage and hour arena reflects upon the substantiality of the federal question involved.  Nor can it be readily concluded that a federal forum would have a keen interest in adjudicating, among other issues arising from the subject contract, wage and hour disputes involving a Kentucky resident, for

8

employment in the Commonwealth of Kentucky, and engaged in pursuant to a private contract. This case is not one of those "certain cases" where federal jurisdiction is appropriate. The considerations that served to invoke federal question jurisdiction in *Grable* simply are not present here.

## Conclusion

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Motion for Order Denying Defendant P&G's Notice of Removal (Doc. #6), construed by the Court as a Motion to Remand, is hereby **granted;**

(2) Defendant P&G's Motion to Dismiss (Doc. #5) is hereby **denied as moot;**

(3) This action is hereby **remanded, in its entirety,** to the Campbell Circuit Court from which it was removed.

This 16th day of August, 2006.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\ORDERS\Cov06\30-Remand.Order.wpd